UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 2:21-cv-0831-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  In addition to filing a complaint (ECF No. 17), he has filed an application to proceed in forma pauperis (ECF No. 14).

### Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

### Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

1

of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint concerns the spread of COVID-19 in his housing unit.  He purports to bring this action on behalf of himself and "other inmates" who were not protected. ECF No. 17 at 6.  Plaintiff, however, may not bring this action on behalf of anyone other than himself.  Pro se litigants have no authority to represent anyone other than themselves; therefore, they lack the

representative capacity to file motions and other documents on behalf of prisoners. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for others than himself,'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney plaintiff may not attempt to pursue claim on behalf of others in a representative capacity).

The essence of plaintiff's complaint is that COVID-positive inmates were allowed to move into his previously COVID-free housing unit on December 22, 2020. The virus quickly spread through plaintiff's housing unit and plaintiff tested positive for the virus on January 4, 2021.[1] ECF No. 17 at 6-7. Plaintiff claims he was denied medical treatment and that more COVID-positive inmates were moved to his housing unit on January 26, 2021 and February 1, 2021. *Id.* at 8.

Plaintiff's allegations are not enough to demonstrate a violation of his constitutional rights. To establish a constitutional violation "based on a failure to prevent harm, the inmate must [first] show that he is incarcerated under conditions posing a substantial risk of serious harm" and that defendants were deliberately indifferent to that risk. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). COVID-19 of course, poses a substantial risk of serious harm. *Plata v. Newsom*, 445 F. Supp. 3d 557, 559 (N.D. Cal. Apr. 17, 2020) ("[N]o one questions that [COVID-19] poses a substantial risk of serious harm" to prisoners.). Plaintiff, however, does not show – through specific allegations – the deliberate indifference of any defendant. Liability arises only where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. at 847. Several courts have held that generalized allegations that supervisory prison officials did not do enough to control the spread of COVID-19 are insufficient to state an Eighth Amendment claim.

/////

/////

---

[1] Plaintiff does not specify whether he experienced any COVID symptoms.

3

*See Booth v. Newsom*, No. 2:20-cv-1562-AC P, 2020 U.S. Dist. LEXIS 215148, (E.D. Cal. Nov. 17, 2020); *Blackwell v. Covello*, No. 2:20-cv-1755-DB P, 2021 U.S. Dist. LEXIS 45226 (E.D. Cal. Mar. 10, 2021).

For these reasons, plaintiff's complaint is dismissed with leave to amend.

<u>Leave to Amend</u>

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing

and organization.  Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges.  A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1.  Plaintiff's application to proceed in forma pauperis (ECF No. 14) is GRANTED;

2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;

3.   Plaintiff's complaint (ECF No. 17) is DISMISSED with leave to amend within 30 from the date of service of this order; and

4.   Failure to comply with any part of this this order may result in dismissal of this action.

DATED:  December 23, 2021.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5