UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>    Plaintiff,<br><br>v.<br><br>UNKNOWN, et al.,<br><br>    Defendants. | No. 2:21-cv-0831-JAM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. Following the dismissal of his original complaint on screening[1] (ECF Nos. 17 & 18), plaintiff has filed an amended complaint (ECF No. 23), which the court must now screen. As discussed below, plaintiff's amended complaint is dismissed with leave to amend for failure to state a claim.

/////

/////

/////

---

[1] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

Screening Order

Like the original complaint, plaintiff's amended complaint concerns the spread of Covid-19 in plaintiff's housing unit. In dismissing the original complaint, the court informed plaintiff that he must show – through specific allegations – the deliberate indifference of each defendant. The amended complaint fails to cure this defect.

The gist of the complaint is that on December 22, 2020, six inmates who had tested positive for Covid-19 were moved into plaintiff's (until then, Covid-free) housing unit. ECF No. 23 at 4. On January 4, 2021, plaintiff tested positive for the virus and he was subsequently denied medical care. *Id.* at 5. Plaintiff's symptoms included memory loss, loss of taste, stress, emotional distress, and depression. *Id.* Plaintiff does not specify *who* knew the six inmates had tested positive or *who* knowingly moved them into plaintiff's housing unit, or *who* specifically withheld him needed medical care and *how* that occurred. Rather, plaintiff seems to have named defendants simply because of their roles as supervisors, which is not a proper basis for liability. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Further, plaintiff does not specify *who* denied him medical care, *why* he was denied medical care, or even a serious medical need for which he required medical care.

In addition to his Eighth Amendment claim, plaintiff alleges his Fourteenth Amendment equal protection and due process rights were violated. *See* ECF No. 23 at 7-8. The court cannot discern a basis for either claim. There is no basis for an equal protection claim because plaintiff does not allege that any defendant acted with an intent or purpose to discriminate against him because of his membership in any protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Further, plaintiff was not deprived of a property or liberty interest that is protected by the Due Process Clause. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

For these reasons, plaintiff's amended complaint is dismissed with leave to amend.

/////
/////
/////

## Leave to Amend

Plaintiff is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George*, 507 F.3d at 607. Nor, as mentioned above, may he bring unrelated claims against multiple defendants. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's amended complaint (ECF No. 23) is DISMISSED with leave to amend within 30 from the date of service of this order; and
2. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: March 16, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE