UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, | No. 2:21-cv-0831-JAM-EFB P |
| Plaintiff, | |
| v. | ORDER |
| UNKNOWN, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a second amended complaint (ECF No. 26)[1] which the court must screen.[2]

Screening Order

The second amended complaint alleges the following: Plaintiff is nearly 70-years old and is mobility impaired. He is housed at the California Health Care Facility in the E5A housing unit.

---

[1] In light of plaintiff's filing of a second amended complaint, the court withdraws its April 19, 2022 findings and recommendations of dismissal.

[2] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

1

The housing unit is cramped with poor ventilation and rows of bunk beds that are barely three feet apart. The housing unit does not have any mental health crisis beds, bunks or rooms.

On December 19, 2020, defendant Casillas ordered plaintiff to move into an unlivable "medical tent," but the associate warden later cancelled the move. Defendant Casillas had threatened that if plaintiff and the other E5A housing unit inmates did not move into the tents, Covid-19 positive inmates would be moved into their housing unit. Until then, plaintiff's housing unit had been free of Covid-19.

On December 22, 2020, defendant "John Doe" (the Sergeant of Facility C) approved the movement of six inmates from the Facility C Yard Outpatient Housing Unit into plaintiff's housing unit without first administering rapid Covid tests.[3] Those inmates later tested positive for Covid-19. The Sergeant of Facility C approved the move even though movement, absent a mental health crisis or medical emergency, was prohibited because of the pandemic.

On December 28, 2020, plaintiff's housing unit exploded with positive Covid-19 cases. Defendant Anise Adams, the Chief Medical Officer Executive, failed to prevent or even stem the mixing of Covid-negative inmates with Covid-positive inmates. He did not require social distancing and allowed for a Covid-positive inmate to be assigned to a bed only three feet away from plaintiff's bed. On January 4, 2021, plaintiff tested positive for Covid-19. Plaintiff has been experiencing the following side effects: memory loss, loss of taste, stress, fatigue, emotional distress, weight loss, and depression.

Liberally construed, plaintiff's allegations are sufficient to allege an Eighth Amendment deliberate indifference claim against defendant "John Doe" (the Sergeant of Facility C)[4] for

---

[3] Plaintiff claims that Dr. South changed the housing status of one of these inmates from "Outpatient Housing Unit" to "Specialty Outpatient Placement." ECF No. 26 at 8. This allegation fails to show that South committed any wrongdoing. If plaintiff attributes greater significance, i.e., malice or deliberate indifference, to South's conduct, he must more clearly allege so in an amended complaint.

[4] Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants. Should plaintiff subsequently learn the identity of this "Doe" defendant, he may move pursuant to Rule 15 of the Federal Rules of Civil Procedure to file an amended complaint to add him as a defendant. *See Brass v. County of Los Angeles*, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the

moving Covid-positive inmates into plaintiff's housing unit and against defendant Adams for being deliberately indifferent to plaintiff's risk of infection. The allegations do not state a claim against defendant Casillas because they do not show that defendant Casillas had any control over the movement of Covid-positive inmates into plaintiff's housing unit.

Plaintiff's remaining allegations concern events that took place after plaintiff tested positive for Covid-19. They include: (1) on January 11, 2021, defendant Lieutenant Ratcliff commented that there was no point in sanitizing plaintiff's housing unit because the inmates would catch Covid-19 anyway and it was too much work; (2) more Covid-positive inmates were transferred into plaintiff's housing unit on January 26, 2021 and February 1, 2021; and (3) staff is only tested for Covid every five days. If plaintiff wishes to premise additional claims arising from these allegations, he must specifically allege how these actions harmed him.

Like his prior complaint, plaintiff again alleges that his Fourteenth Amendment equal protection and due process rights were violated. As before, the court cannot discern a basis for either claim. There is no basis for an equal protection claim because plaintiff does not allege that any defendant acted with an intent or purpose to discriminate against him because of his membership in any protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Further, plaintiff was not deprived of a property or liberty interest that is protected by the Due Process Clause. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

Plaintiff also purports to brings state law claims of negligence. The California Torts Claims Act ("Act") requires that a party seeking to recover money damages from a public entity or its employees submit a claim to the entity *before* filing suit in court, generally no later than six months after the cause of action accrues. Cal. Gov't Code §§ 905, 911.2, 945, 950.2 (emphasis added). When a plaintiff asserts a claim subject to the Act, he must affirmatively allege compliance with the claim presentation procedure, or circumstances excusing such compliance, in

---

timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action.

3

his complaint. *Shirk v. Vista Unified Sch. Dist.,* 42 Cal. 4th 201, 209 (2007). Plaintiff's complaint is devoid of such allegations.

For these reasons, plaintiff may either proceed only on the potentially cognizable claim against defendant Adams or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend the complaint.

<u>Leave to Amend</u>

Plaintiff may file an amended complaint to attempt to cure the deficiencies noted above. Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff is not obligated to file an amended complaint.

Plaintiff may not change the nature of this suit by alleging new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. L.R. 110.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. The April 19, 2022 findings and recommendations (ECF No. 25) are withdrawn.
2. Plaintiff's second amended complaint (ECF No. 26) alleges, for screening

4

      purposes, a potentially cognizable Eighth Amendment deliberate indifference claim against defendant "John Doe" (the Sergeant of Facility C) for moving Covid-positive inmates into plaintiff's housing unit and against defendant Adams for being deliberately indifference to plaintiff's risk of infection.

3. All other claims, including those against defendants South, Casillas, and Ratcliff are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.

4. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.

5. Failure to comply with any part of this this order may result in dismissal of this action.

Dated: June 21, 2022.

                                                        EDMUND F. BRENNAN
                                                        UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNKNOWN, et al.,<br><br>　　　　Defendants. | No.  2:21-cv-0831-JAM-EFB P<br><br><br>NOTICE |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____   proceed only with the potentially cognizable claim identified by the court against defendant Adams;

OR

(2) _____   delay serving any defendant and file a third amended complaint.

_____
　　　　　　　　　　　　　Plaintiff

Dated: