UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>  Plaintiff,<br><br>  v.<br><br>UNKNOWN, et al.,[1]<br><br>  Defendants. | No. 2:21-cv-0831-DAD-EFB (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. He has filed a third amended complaint (ECF No. 32) which the court must screen.[2]

Liberally construed, plaintiff's allegations are sufficient to state an Eighth Amendment deliberate indifference claim against defendants S. Fears and F. Casillas for moving Covid-positive inmates into plaintiff's housing unit on or around December 22, 2020 and against defendant Adams for being deliberately indifferent to plaintiff's risk of infection.

---

[1] The caption of the case currently lists the defendants as "UNKNOWN, et al." As discussed below, these Findings and Recommendations include a recommendation that the caption be amended to reflect the defendants that will remain in this action.

[2] Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

For the reasons stated below, the complaint does not state any other viable claim for relief.

First, the allegations do not show that any other defendant had control over the movement of Covid-positive inmates into plaintiff's housing unit on or around December 22, 2020.

Second, plaintiff fails to clarify how defendant South, in changing the "medical status" of the six Covid-positive inmates, acted with deliberate indifference to plaintiff's health and safety. *See* ECF No. 29 at 2, n.3 (prior screening order warning plaintiff that if he "attributes greater significance, i.e., malice or deliberate indifference, to South's conduct, he must more clearly allege so in an amended complaint"); ECF No. 32 at 8 (alleging that South's conduct was "illegal," but failing to show how it was deliberately indifferent to plaintiff's safety).

Third, allegations that a defendant failed to respond to or properly process plaintiff's administrative appeals (ECF No. 32 at 12) are not cognizable. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Fourth, plaintiff repeats allegations that the court previously warned were deficient. *See* ECF No. 29 at 3. Specifically, plaintiff includes allegations concerning events that took place after he tested positive for Covid-19 on June 5, 2022, without any showing of harm. He also complains that prison staff were only tested for Covid every five days, again without any showing as to how this harmed him. Plaintiff also repeats his deficient claims for purported violations of his due process and equal protection rights, and a state law negligence claim.[3]

/////

---

[3] In screening the second amended complaint, the court cautioned plaintiff as follows:

> Like his prior complaint, plaintiff again alleges that his Fourteenth Amendment equal protection and due process rights were violated. As before, the court cannot discern a basis for either claim. There is no basis for an equal protection claim because plaintiff does not allege that any defendant acted with an intent or purpose to discriminate against him because of his membership in any protected class. *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir. 2005). Further, plaintiff was not deprived of a property or liberty interest that is protected by the Due Process Clause. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

*See* ECF No. 29 at 3 (also discussing plaintiff's failure to properly allege a state law negligence claim).

2

Finally, despite the court's warning against changing the nature of this suit by alleging new, unrelated claims in an amended complaint, *see id.* at 4, plaintiff adds two new defendants, Nisay and Nasher, based on events that took place on or around June 5, 2022.  ECF No. 32 at 11.

For these reasons, plaintiff may proceed only on the potentially cognizable claims against defendants Fears, Casillas, and Adams.[4]  The court recommends that claims against the remaining defendants –Nisay, Nasher, Ratcliff, and South – be dismissed without further leave to amend. *Plumeau v. School Dist. # 40*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where further amendment would be futile).

Accordingly, it is hereby ORDERED that plaintiff's third amended complaint (ECF No. 32) alleges, for screening purposes, a potentially cognizable Eighth Amendment deliberate indifference claim against defendants Fears and Casillas for moving Covid-positive inmates into plaintiff's housing unit and against defendant Adams for being deliberately indifference to plaintiff's risk of infection.

Further, it is hereby RECOMMENDED that:

1. All other claims, including those against defendants Nisay, Nasher, Ratcliff, and South be dismissed without leave to amend;[5]
2. That the caption of the case be amended to identify the defendants in this action as Fears, Casillas, and Adams; and
3. This matter be referred back to the undersigned to initiate service of process of the viable claims against defendants Fears, Casillas, and Adams pursuant to the Court's E-Service pilot program for civil rights cases for the Eastern District of California.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

---

[4] For that reason, the caption of the case should be amended for future filings to identify Fears, Casillas, and Adams as the defendants in this action.

[5] Plaintiff is advised that dismissal without leave to amend is not the same as "with prejudice."  Dismissal without leave to amend merely precludes him from reviving those claims in the active proceeding.

3

objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 12, 2022.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE