1

2

3

4

5

6

7

8                                UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH LEE TAYLOR,                            No. 2:21-cv-00831-DJC-EFB (PC)

12                 Plaintiff,

13         v.                                        ORDER AND FINDINGS AND
                                                     RECOMMENDATIONS
14    ANISE ADAMS, et al.,

15                 Defendants.

16

17         Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  Defendants move to revoke plaintiff's *in forma pauperis* (IFP) status and to

19    declare him a three-strikes litigant.  ECF No. 43.  For the reasons stated below, it is recommended

20    that the motion be granted.

21    **I.    Background**

22         Plaintiff is currently incarcerated at California Health Care Facility (CHCF) in Stockton,

23    California; he initiated this action on March 10, 2021 with a letter alleging deficiencies in the

24    COVID-19 response at CHCF.  ECF No. 1.  His original form complaint was filed on October 21,

25    2021 (ECF No. 17), and his final third amended complaint was filed on July 28, 2022.  ECF No.

26    32.  This court granted plaintiff's motion to proceed IFP on December 27, 2021.  ECF No. 18.

27    Defendants now maintain that plaintiff's IFP status should be revoked because he has had at least

28    /////

                                                    1

1    three actions dismissed as frivolous, malicious, or for failure to state a claim, and because he was

2    not in imminent danger of serious physical harm when he brought this action.  ECF No. 43-1.

3    **II.    Motion to Revoke IFP Status**

4           Pursuant to 28 U.S.C. § 1915, federal courts are authorized to allow certain litigants to sue

5    without prepayment of the ordinary filing fee (commonly referred to as "proceeding *in forma*

6    *pauperis*").  These litigants must demonstrate that they are unable to pay the fee.  28 U.S.C. §

7    1915(a)(1).  Prisoners face additional barriers to proceeding *in forma pauperis*.  One such barrier,

8    known as the "three strikes" provision, provides: "In no event shall a prisoner bring a civil action

9    under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in

10   any facility, brought an action or appeal in a court of the United States that was dismissed on the

11   ground that it is frivolous, malicious, or fails to state a claim upon which relief may be granted,

12   unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g);

13   *Andrews v. King,* 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).  Prior cases that fall within the

14   categories described by section 1915(g) are known as "strikes."  Thus, under section 1915(g), a

15   prisoner with three or more strikes (and who was not under imminent danger at the time of filing

16   the complaint) may not proceed *in forma pauperis* and must instead pay the full filing fee up

17   front.  *Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

18          A case is "frivolous" under section 1915(g) "if it is of little weight or importance: having

19   no basis in law or fact."  *King,* 398 F.3d at 1121 (internal quotation marks omitted).  "A case is

20   malicious if it was filed with the intention or desire to harm another."  *Id.*  And a case "fails to

21   state a claim under which relief may be granted" if it fails to state a claim under Federal Rule of

22   Civil Procedure 12(b)(6).

23          When a defendant challenges a prisoner's right to proceed *in forma pauperis*, the

24   defendant bears the burden of producing sufficient evidence that the plaintiff has sustained three

25   strikes.  *King*, 398 F.3d at 1121.  The court may deny IFP status only when, after this careful

26   evaluation, the court determines that the prior actions were dismissed because they were

27   frivolous, malicious, or failed to state a claim.  *Id.*

28   /////

1    Defendants identify the following cases as strikes within the meaning of section 1915(g)[1]:

2

3    (1) *Taylor v. Cate*, No. 5:12-cv-05255 (N.D. Cal., filed October 9, 2012).  ECF
     No. 43-2, Exs. A-1 to A-8.   In this matter, plaintiff alleged that he was denied
     access to the courts, that his inmate appeals were improperly denied, and that he
4    was not provided enough time to file a Certificate of Appealability.  The court
     dismissed plaintiff's initial complaint and his amended complaint, holding that
5    plaintiff's allegations did not state a constitutional violation.  The court
     subsequently dismissed plaintiff's IFP status when he filed an appeal, stating that
6    "[a]s Plaintiff's action was meritless, his appeal of this court's dismissal is
     frivolous and taken in bad faith and his in forma pauperis status is REVOKED."
7    ECF No. 43-2, Ex. A-8.

8    (2) *Taylor v. Cate*, No. 13-15494 (9th Cir.) (2013).  ECF No. 43-2, Exs. B-1 to B-
     4.  This matter is plaintiff's appeal of the case discussed *supra*.  After the district
9    court revoked plaintiff's IFP status, the Ninth Circuit held that its review of the
     record "confirms that appellant is not entitled to in forma pauperis status for this
10   appeal because we find the appeal is frivolous.  *See* 19 U.S.C. § 1915(a)."  ECF
     No. 43-2, Ex. B-3.  Plaintiff was then given the opportunity to pay the filing fee,
11   which he did not do, and the appeal was dismissed.  *Id.* at Ex. B-4.

12   (3) *Taylor v. Kernan*, No. 2:17-cv-00345 (E.D. Cal., filed Feb. 16, 2017).  ECF
     No. 43-2, Exs. C-1 to C-6.  In this matter, plaintiff alleged that his personal
13   identifying information and private health information were improperly disclosed
     when a prison employee's laptop was stolen.  Plaintiff's amended complaint was
14   dismissed without leave to amend because it was "both conjectural and
     hypothetical."  *Id.* at Ex. C-4.

15

16   The court finds that defendants have met their burden of presenting the court with

17   sufficient evidence to demonstrate that these three cases qualify as strikes.  The first action

18   (*Taylor v. Cate*, No. 5:12-cv-05255) is a strike because it was dismissed for failure to state a

19   claim and because plaintiff's IFP status was revoked.  28 U.S.C. § 1915(g); *O'Neal v. Price*, 531

20   F.3d 1146, 1153 (9th Cir. 2008).  The second action (*Taylor v. Cate*, No. 13-15494) is a strike due

21   to the dismissal for failing to pay the filing fee after a finding that the appeal was frivolous.

22   *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (finding that dismissal for failure to pay a

23   filing fee after an appeal is determined to be frivolous constitutes a strike under section 1915).

24   Finally, the third action (*Taylor v. Kernan*, No. 2:17-cv-00345) is a strike because it was

25   dismissed for failure to state a claim.  28 U.S.C. § 1915(g).

26   /////

27
     ---
28    [1] The court grants defendants' request for judicial notice of selected records from these
     actions.  ECF No. 43-2.

1    Plaintiff does not meaningfully address the above actions and does not deny that he has

2  had three cases dismissed for reasons that constitute strikes under section 1915(g).[2]  Rather,

3  plaintiff maintains that his IFP status should not be revoked because he was at risk of imminent

4  physical danger at the time he filed the complaint and continues to be so now.  ECF No. 50.

5    Whether or not a plaintiff is entitled to the imminent danger exception turns on the

6  "conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."

7  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  The complaint must make "a

8  plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the

9  time of filing", and the danger must be ongoing.  *Id.* at 1055.  In addition, imminent danger may

10  not be "reevaluated based on allegations in an amended complaint."  *Merino v. Gomez*, 2021 WL

11  4988875, at *3 (E.D. Cal. Oct. 27, 2021) (citing *Bradford v. Usher*, 2019 WL 4316899, at *4

12  (E.D. Cal. Sept. 12, 2019) and *Simmons v. Wuerth*, 2020 WL 1621368, at *1 (E.D. Cal. Apr. 2,

13  2020)).  Here, plaintiff's action commenced with the filing of a letter on March 10, 2021.  ECF

14  No. 1.  He filed an initial form complaint on October 21, 2021.  ECF No. 17.  For purposes of

15  evaluating the imminent danger exception, the court will consider the allegations made in

16  plaintiff's initial letter and his later-filed initial form complaint.  However, under *Andrews,* 493

17  F.3d at 1055, the court cannot consider the allegations made in plaintiff's subsequent amended

18  complaints.  ECF Nos. 23, 26, and 32.

19    Here, the essence of plaintiff's allegations in his initial letter and original complaint (ECF

20  Nos. 1 and 17) is that COVID-positive inmates were allowed to move into his previously

21  COVID-free housing unit on December 22, 2020.  ECF No. 1 at 1; ECF No. 17 at 6.  Plaintiff

22  subsequently tested positive for COVID-19 on January 4, 2021.  ECF No. 17 at 6-7.  Plaintiff

23  generally alleges that he suffered harms including memory loss, loss of taste, emotional distress,

24  depression, and "unknown side effects."  ECF No. 17 at 6.  Plaintiff also alleges that he was not

25  given medical treatment for his diagnosis (ECF No. 1 at 1-2), and that there was a "continuous

26

27    [2] The court notes that plaintiff has also requested a 90-day extension of time to stop all
court proceedings (ECF No. 54).  This motion is denied as moot, as there are no pending
28  deadlines for which plaintiff needs an extension of time.

4

1    failure" by prison officials to adequately address COVID-19.  ECF No. 1 at 2-3.  Plaintiff also

2    alleges that in August 2020 – prior to his alleged COVID-19 exposure and positive test – he was

3    moved from his regular bed to a portable cot.  According to plaintiff, this exacerbated his pre-

4    existing medical conditions and caused him pain that was not adequately treated.  ECF No. 17 at

5    9.

6           These conclusory allegations do not suffice to establish imminent and ongoing danger of

7    serious physical injury at the time plaintiff's complaint was filed.[3]  *Cervantes*, 493 F.3d at 1055.

8    Plaintiff's allegations are generalized and non-specific, and in order to establish an ongoing

9    danger, plaintiff must allege facts "indicating a particular, present, threat to his life."  *Young v.*

10   *Luna*, 2013 WL 6576038, at *3 (E.D. Cal. Dec. 13, 2013), aff'd, 668 F. App'x. 724 (9th Cir.

11   2016).  This plaintiff does not do.

12          In addition, at least one court in this district has held that allegations similar to plaintiff's

13   do not establish imminent danger.  In *Henderson v. Welch*, the court found that even where a

14   plaintiff alleged that prison officials retaliated against him by placing him in a building with

15   infected prisoners where he later contracted COVID-19, he had not pled with specificity that "any

16   defendant intentionally exposed Plaintiff to COVID-19."  2021 WL 118999, at *3 (E.D. Cal. Jan.

17   13, 2021).[4]  Furthermore, conclusory allegations about exposure to COVID-19 "do[] not appear

18   to show that Plaintiff was in imminent danger at the time he filed his complaint because he was

19   already infected with COVID-19."  *Id.*

20          The court also found that generalized allegations of continuing misconduct did not cause

21   the plaintiff  "to be in imminent danger of serious physical injury at the time he filed his

22   _____

23          [3] To the extent plaintiff attempts to demonstrate in his opposition to defendant's motion
     (ECF No. 50) that he has established imminent danger, he relies primarily on allegations in his
     Third Amended Complaint, notably the first of his complaints to properly allege, for screening
24   purposes, a potentially cognizable Eighth Amendment Claim.  ECF Nos. 32 and 34.  As the court
     has discussed *supra*, however, imminent danger must be established at the time of the filing of an
25   initial complaint and may not be "reevaluated based on allegations in an amended complaint."
     *Merino,* 2021 WL 4988875, at *3.

26
            [4] This order was adopted in full by the District Judge assigned to the case.  *Henderson v.*
27   *Welch*, 21-cv-00009 AWI-WPG, ECF No. 8.

28   /////

1   complaint." *Id;* citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)[5] (holding that a

2   plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of

3   misconduct evidencing the likelihood of imminent serious physical injury" to qualify for the

4   section 1915(g) imminent danger exception).  Similarly, plaintiff here does not specifically allege

5   that he was in imminent danger of serious physical injury, and does not show through specific

6   allegations how there has been a "continuous failure" by prison officials to adequately address

7   COVID-19.  *See id; see also Jones v. Pollard*, 2021 WL 395548, at *4 (S.D. Cal. Feb 4, 2021)

8   (finding that plaintiff who contracted COVID-19 after infected inmates were transferred into his

9   unit had not sufficiently alleged that he was "in imminent danger of serious physical injury at the

10   time of filing his Complaint").  Accordingly, plaintiff has not demonstrated that, at the time of his

11   initial letter and complaint, he was in imminent danger such that he is entitled to an exception to

12   the three-strikes bar.

13       Finally, the court notes that plaintiff purports to bring this action on behalf of himself and

14   "other inmates."  ECF No. 17 at 6.  To the extent that plaintiff alleges that others suffered harm,

15   those allegations do not suffice to establish imminent danger.  Pro se litigants have no authority to

16   represent anyone other than themselves; therefore, they lack the representative capacity to file

17   motions and other documents on behalf of other prisoners.  *See Johns v. County of San Diego*,

18   114 F.3d 874, 877 (9th Cir. 1997) ("[A] non-lawyer 'has no authority to appear as an attorney for

19   others than himself,'") (quoting *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th

20   Cir. 1987)); *see also Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (non-attorney

21   plaintiff may not attempt to pursue claim on behalf of others in a representative capacity).[6]

22   /////

23   /////

24   /////

25      [5] The Ninth Circuit has found "that requiring a prisoner to 'allege [] an ongoing danger' – the standard adopted by the Eighth Circuit – is the most sensible way to interpret the imminency

26   requirement."  *Cervantes*, 493 F.3d at 1056, citing *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir 2003).

27      [6] Even if this court did consider plaintiff's allegations regarding other inmates, its conclusion that plaintiff had not demonstrated imminent danger under section 1915(g) would

28   remain the same.

**III.     Order and Recommendation**

In accordance with the above, it is ORDERED that plaintiff's motion for a 90-day extension of time to stop all court proceedings (ECF No. 54) is DENIED as moot.

Further, it is RECOMMENDED that:

1.     Plaintiff be declared a three-strikes litigant, and defendant's motion to revoke IFP status (ECF No. 43) be GRANTED; and

2.     Plaintiff be ORDERED to pay the filing fee within thirty days of any order adopting these findings and recommendations and warned that failure to do so will result in dismissal of this action for failure to prosecute.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 4, 2023.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE