UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR, JR., | No. 2:21-cv-00831-DJC-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| ANISE ADAMS, et al., | |
| Defendants. | |

Plaintiff is a recently-released state prisoner proceeding without counsel this action brought under 42 U.S.C. § 1983. Plaintiff seeks: (1) an extension of 180 days to respond to defendants' motion to compel (ECF No. 72) and (2) appointment of counsel.[1] ECF Nos. 70, 71, 73.

Plaintiff informs the court that, since his release from prison on November 8, 2024, he has received no assistance from parole authorities and is currently homeless while he waits for those authorities to locate suitable transitional housing for him. ECF Nos. 70, 71, 73. Prior to his release, plaintiff was attempting to obtain his boxes of material pertaining to his active legal cases from staff at California Health Care Facility ("CHCF"), because those boxes had been mislabled

---

[1] Plaintiff also asks for an extension of time to oppose defendants' summary judgment motion. ECF Nos. 70, 71, 73. No such motion has been filed. The dispositive motion deadline is currently set at March 3, 2025. ECF No. 69.

1

and moved to the prison's warehouse. *Id.* He was unsuccessful in obtaining the boxes prior to his release because the staff he contacted did not respond to his queries. *Id.* He has still not been provided his legal property. *Id.*

District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff has not shown extraordinary circumstances in this case. Despite his difficult situation, plaintiff has been able to successfully litigate this action, even after his release from incarceration. Accordingly, the motion to appoint counsel will be denied.

Plaintiff's request for an extension of time will be granted, however. Because six months is an undue length of time to delay this action, the court will provide plaintiff with a 60-day extension of time to file his opposition to the pending motion to compel. The court will further direct defense counsel to inquire with the CHCF litigation coordinator concerning plaintiff's legal property and to inform the court whether the property has been located and provided to plaintiff.

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motions for appointment of counsel, ECF Nos. 70, 71, and 73 are DENIED without prejudice;
2. Plaintiff's motions for extension of time, ECF Nos. 70, 71, and 73 are GRANTED IN PART, and plaintiff shall file his opposition to defendants' December 20, 2024 motion to compel (ECF No. 72) within 60 days of the date of this order;
3. Within 21 days of the date of this order, defense counsel shall inquire with the litigation coordinator at CHCF regarding the status of plaintiff's boxes of legal property and file a declaration informing the court whether the boxes have been located and provided to

1     plaintiff;

2   4. The court VACATES the current dispositive motion deadline of March 3, 2025 and will

3     re-set the deadline upon resolution of the motion to compel.

4 So ordered.

6 Dated: January 21, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE