UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>ADAMS, et al.,<br><br>Defendants. | No. 2:21-cv-00831-DJC-EFB (PC)<br><br><br><br>ORDER |

Plaintiff is a recently-released state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is defendants' motion to compel. ECF No. 72. Specifically, defendants move to compel plaintiff to answer questions he refused to answer at his deposition, and to compel plaintiff to produce documents he agreed to produce in response to defendants' requests for production. *Id.* Plaintiff has opposed the motion, and defendants have filed a reply. ECF Nos. 80 and 81.[1] In his opposition, plaintiff also requests appointment of counsel. For the following reasons, defendants' motion to compel is GRANTED and plaintiff's request for appointment of counsel is DENIED.

---

[1] Plaintiff did not file his opposition until ordered to do so by this court well after his filing deadline had passed. ECF No. 79.

1

I.      **Plaintiff's Allegations**

This case was filed in 2021 (ECF No. 1), and plaintiff's third amended complaint (TAC) was filed on July 28, 2022. ECF No. 32. Plaintiff's claims arise from his time incarcerated at the California Health Care Facility - Stockton (CHCF) in the ESA housing unit. Plaintiff is elderly and mobility-impaired. *Id.* Plaintiff alleges that in December 2020, defendants approved the movement of six inmates into plaintiff's housing unit without first administering tests for COVID-19. *Id.* Those inmates later tested positive for COVID-19, and many inmates in plaintiff's housing unit – including plaintiff – became infected. Plaintiff claims he continues to suffer side effects from his COVID-19 infection, including memory loss, fatigue, weight loss, and depression. Per an order dated September 12, 2022, this court found that plaintiff's allegations were sufficient to allege an Eighth Amendment deliberate indifference claim against defendants Fears and Casillas for moving COVID-positive inmates into plaintiff's housing unit, and against defendant Adams for being deliberately indifferent to plaintiff's risk of infection. ECF No. 34.

II.     **Analysis**

   **A. Deposition Questions**

Defendants first move to compel plaintiff to answer questions he refused to answer during his October 16, 2024 deposition. Specifically, plaintiff refused to answer questions about his conversations with the six inmates who transferred into his housing unit in December 2020, including which of them was infected with COVID-19. Declaration of Brian Chan (Chan Decl.) Ex. B; ECF No. 72-2. Plaintiff stated during his deposition that he would not answer the questions on the grounds of confidentiality, testifying that "[i]t's illegal to divulge another inmate's personal confidential information, whether it's medical or criminal." *Id.* Defense counsel cautioned plaintiff that he was required to answer the questions, and that defense counsel would bring a motion to compel if he did not. *Id.* Plaintiff continued to refuse to answer. *Id.*

In his opposition to defendants' motion to compel, plaintiff does not submit a legal argument for his refusal to address defendants' questions during his deposition. Rather, plaintiff states, in a section entitled Plaintiff's Answer to Deposition Questions: "Plaintiff is suffering severe "Long Term/Long Hauler Covid-19 Disease And Its Side Effects Of [Memory Loss And

2

1    Brain Fog In Particular], And Cannot Remember, Recall, Nor Recollect At This Present Time."
2    ECF No. 80 at 5. Plaintiff does not elaborate, but the court can only assume that plaintiff is
3    alleging that he no longer recalls the answers to any of the questions that defendants asked him
4    during his deposition.

5        Although plaintiff's opposition does not renew his assertion that he does not have to
6    answer defendants' questions on third-party confidentiality grounds, he clearly stated the
7    objection as grounds for his refusal to answer in his deposition. ECF No. 72-1 at 34-36.
8    Accordingly, the court will address that argument. An essential goal of discovery is to enable the
9    parties to obtain information necessary to the effective litigation of claims and defenses. *See In re*
10   *Syncor Erisa Litigation*, 229 F.R.D. 636, 643 (C.D. Cal. 2005). Thus, parties may obtain
11   discovery regarding any matter, not privileged, that is relevant to the claim or defense of any
12   party. Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the
13   discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A
14   party who has attempted to take the deposition of another may seek an order compelling an
15   uncooperative deponent to answer a question. Fed. R. Civ. P. 37(a)(3)(B)(i). The party opposing
16   discovery must demonstrate that the discovery sought should not be allowed and must explain
17   and support any objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

18       This plaintiff cannot do. As defendants point out, absent an appropriate assertion of a
19   legally recognized privilege, plaintiff was entitled to state his objection to preserve it but was still
20   required to answer defendants' questions. Deponents may refuse to answer questions "only
21   when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present
22   a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Otherwise, the questions must be
23   answered, subject to objection. *See, e.g.*, *Holloway v. County of Orange*, 2021 WL 430697 at *4-
24   5 (C.D. Cal. Jan. 11, 2021).

25       Here, plaintiff has not asserted any kind of valid privilege between himself and any
26   inmates, and the disclosure of the information from the inmates to plaintiff removes any
27   expectation of privacy on their part. To the extent plaintiff is objecting on the grounds he does
28   not remember the information sought by defendants, such an objection is not well taken since

plaintiff's deposition transcript clearly demonstrates that he remembered this information at the time of his deposition in October 2024, but did not want to disclose it.  Chan Decl. Ex. B. Plaintiff has not demonstrated that his memory has declined so significantly in the past seven months that he cannot respond to the questions he previously refused to answer.  Because defendants' questions sought non-privileged information relevant to plaintiff's claims that the transfer of COVID-positive inmates into his housing unit was an Eighth Amendment violation, plaintiff is required to answer them.  Thus, defendants' motion to compel plaintiff to answer deposition questions he previously refused to answer is granted.

### B. Documents

Defendants also move to compel plaintiff to produce documents they requested in conjunction with the October 16, 2024 deposition.  Pursuant to Rule 34, defendants timely requested that plaintiff produce at his deposition: "(1) All documents that support your allegations against Defendants in this lawsuit; (2) All written statements that you have received from any person regarding the issues that you claim are the subject matter of this lawsuit; and (3) All documents you intend to use at trial."  Chan Decl. Ex. A; ECF No. 72-2.

Plaintiff did produce some relevant documents at his deposition.  Chan Decl. Ex. B. During his deposition, however, plaintiff referred to numerous seemingly relevant documents that he had not produced, including documents related to his allegations, declarations from witnesses, and documents related to exhaustion of his administrative remedies.  *Id.*  During his deposition, plaintiff confirmed that there were relevant documents he had not brought that were stored in his legal property box, and stated on the record that he would produce copies of all of the requested documents to defense counsel by November 15, 2024.  *Id.*

Plaintiff did not produce additional documents by November 15, 2024, but he did produce some responsive documents in conjunction with his May 23, 2025 opposition to defendants' motion to compel.  ECF No. 80.  Plaintiff alleges that he has not produced the remainder of the relevant documents because much of his legal property is still at CHCF, and he is going through the parole grievance process to have his legal property returned to him.  ECF No. 80 at 3-5.

////

Plaintiff previously represented in this litigation that he was not in receipt of his legal property. ECF No. 73 (filed December 20, 2024). The court then ordered defense counsel to inquire with the litigation coordinator at CHCF regarding the status of plaintiff's boxes of legal property and file a declaration informing the court whether the boxes had been located and provided to plaintiff. ECF No. 76. On February 11, 2025, defense counsel filed a status report with a supporting declaration from the CHCF Litigation Coordinator confirming that plaintiff's legal property had been sent to the Oakland Parole Office, and that plaintiff – through his parole agent – had confirmed receipt of the property. ECF No. 78. The litigation coordinator also declared that CHCF no longer has possession of any of plaintiff's legal property. ECF No. 78-1.

Given that plaintiff has produced a number of responsive documents, and given that the court has received confirmation that plaintiff's legal materials were provided to him, plaintiff has no grounds to refuse to produce relevant documents that he has already agreed to produce. Plaintiff referred to several relevant documents during his deposition that he is obligated to produce in accordance with defendants' document request, including declarations, prison grievances, and his personal notes. Chan Decl. Ex. A. Thus, defendants' motion to compel plaintiff to produce all documents in response to defendants' document request, including those which plaintiff identified during his deposition but has not produced, is granted.

### C. Appointment of Counsel

In his opposition brief, plaintiff renews his request for counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. *See* 28 U.S.C. § 1915(c)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). When determining where "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Plaintiff has not shown extraordinary circumstances in this case. Despite his difficult situation, plaintiff has been able to successfully litigate this action, even after his release from incarceration. Thus, plaintiff's motion

to appoint counsel is denied.

### III. Order

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for appointment of counsel is DENIED.
2. Defendants' motion to compel is GRANTED.
3. Discovery is re-opened for 45 days from the date of this order for the limited purpose of permitting the defendants to complete plaintiff's deposition and for plaintiff to produce all relevant documents in response to defendants' document request (Chan Decl. Ex. A), including those documents that plaintiff identified during his previous deposition but has not yet produced.
4. During his deposition, plaintiff shall answer the questions he previously refused to answer to the best of his ability. The deposition shall be limited to four hours. Plaintiff is admonished that failure to comply with this order may result in sanctions, including the sanction of dismissal. *See* Fed. R. Civ. P. 37(b)(2)(a) and (d)(3).
5. Plaintiff is cautioned that failure to comply with this order may result in sanctions, including monetary and/or evidentiary sanctions, or even an order for dismissal of this action.
6. Dispositive motions shall be filed no later than October 15, 2025.[2]

Dated: June 27, 2025

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The previous dispositive motion deadline was vacated, pending resolution of defendants' motion to compel. ECF No. 76.