UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH LEE TAYLOR,

Plaintiff,

v.

ADAMS, et al.,

Defendants.

No. 2:21-cv-00831-DJC-EFB (PC)

ORDER

Plaintiff is a former state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently before the court is defendants' second motion to compel. ECF No. 87. Specifically, defendants move to compel plaintiff to produce documents he failed to produce at his second deposition. *Id.* In the alternative, defendants move for an order precluding plaintiff from using undisclosed documents and information for any purpose in this litigation, including to oppose summary judgment and for any use at trial. *Id.* In his opposition, plaintiff avers he has no more documents to produce to defendants, despite his representations at his second deposition. ECF No. 91. For the following reasons, defendants' motion to compel is denied in part, but plaintiff is prohibited from introducing or using any undisclosed responsive documents in future proceedings in this matter.

////

////

////

## I. Background

This case was filed in 2021 (ECF No. 1), and plaintiff's third amended complaint (TAC) was filed on July 28, 2022. ECF No. 32. Plaintiff's claims arise from his time incarcerated at the California Health Care Facility (CHCF) in the ESA housing unit. Plaintiff is elderly and mobility-impaired. *Id.* Plaintiff alleges that in December 2020, defendants approved the movement of six inmates into plaintiff's housing unit without first administering tests for COVID-19. *Id.* Those inmates later tested positive for COVID-19, and many inmates in plaintiff's housing unit – including plaintiff – became infected. Plaintiff claims he continues to suffer side effects from his COVID-19 infection, including memory loss, fatigue, weight loss, and depression. Per an order dated September 12, 2022, this court found that plaintiff's allegations were sufficient to allege an Eighth Amendment deliberate indifference claim against defendants Fears and Casillas for moving COVID-positive inmates into plaintiff's housing unit, and against defendant Adams for being deliberately indifferent to plaintiff's risk of infection. ECF No. 34.

Defendants filed a previous motion to compel (ECF No. 72) which this court granted. ECF No. 82. Specifically, the court ordered plaintiff to appear for a further deposition and to produce all relevant documents in response to defendants' document requests. *Id.* Plaintiff did participate in a second deposition and produce certain documents, but he did not produce all relevant documents. ECF No. 87-1. For example, plaintiff did not produce notes he took during his time in prison, CDCR grievances, policy documents, and other material he referred to during his second deposition. ECF No. 87-2; Declaration of Brian S. Chan (Chan Decl.) ¶ 4, Ex. B (excerpts of Plaintiff's Depo. at 57, 59, 61, 64-66, 69, 76). Plaintiff agreed to produce those documents to defendants as soon as possible, but he has not done so. Chan Decl. ¶¶ 5-6; ECF No. 87-2. Defendants now move the court to compel plaintiff to produce the documents or, in the alternative, move for an order precluding plaintiff from using undisclosed documents and information for any purpose in this litigation, including to oppose summary judgment and for any use at trial.

////

////

## II. Analysis

Pursuant to Rule 34, defendants timely requested that plaintiff produce at his deposition: "(1) All documents that support your allegations against Defendants in this lawsuit; (2) All written statements that you have received from any person regarding the issues that you claim are the subject matter of this lawsuit; and (3) All documents you intend to use at trial." Chan Decl. ¶ 3, Ex. A; ECF No. 87-2.

Plaintiff did produce some relevant documents at his second deposition. As discussed *supra*, however, plaintiff referred to numerous seemingly relevant documents that he has not produced, despite his agreement to do so. Now, however, plaintiff states in his opposition to defendants' motion to compel that he does "NOT have ANYMORE Documents, Papers, Etc. to produce to[] the Defendants pursuant to their second motion to compel." ECF No. 91. While defendants are entitled to responsive documents within plaintiff's possession, and plaintiff previously stated he would produce such documents, plaintiff now avers that he has nothing to produce. If true, the court cannot order production of documents that do not exist. However, the court will hold plaintiff to his representations to the court in opposition to this motion. Plaintiff is prohibited from introducing or using any undisclosed responsive documents in future proceedings in this matter, including during summary judgment and trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).

Accordingly, it is hereby ORDERED that:

1. Defendants' motion to compel (ECF No. 87) is DENIED.
2. Plaintiff is prohibited from introducing or using any undisclosed responsive documents in future proceedings in this matter, including during summary judgment and trial. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii).
3. Any dispositive motions shall be filed within sixty days of the date of this order.[1]

Dated: August 10, 2026

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

[1] The previous dispositive motion deadline was vacated pending resolution of this motion to compel. ECF No. 89.